UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIYA GAZIZOVA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-07957-SB-SSC<br><br>ORDER TO SHOW CAUSE RE LACK OF PROSECUTION |

　　　Plaintiff Liliya Gazizova filed this mandamus action against the Department of Homeland Security (DHS), the United States Citizenship and Immigration Services (USCIS), and the Los Angeles Asylum Office on September 20, 2023. Dkt. No. 1.  She filed proofs of service as to DHS and USCIS on October 7 and November 13, 2023.  Dkt. Nos. 10, 11, 13, 14, 15, 16.  Had service been properly effectuated, those Defendants would have been required to answer or otherwise respond at the latest by January 12, 2024.  No Defendant has answered or otherwise appeared.

　　　Federal Rule of Civil Procedure 4(i) sets forth the requirements for serving the United States and its agencies.[1]  Rule 4(i) requires the party serving a government agency to: (1) personally deliver the summons and complaint to the U.S. attorney or to a designated employee or send the summons and complaint by registered or certified mail to the civil-process clerk at the U.S. attorney's office for the district where the action is brought; (2) "send a copy of [the summons and

---

[1] Plaintiff appears to mistakenly rely on Rule 4(e), which generally permits service on individuals by following state law.  Rule 4(i) imposes additional requirements for serving an individual who is a U.S. officer or employee.  Regardless, Plaintiff brings this action against government entities, not individuals.

1

complaint] by registered or certified mail to the Attorney General of the United States at Washington D.C."; and (3) "send a copy of the summons and complaint by registered or certified mail to the agency."  Fed. R. Civ. P. 4(i)(1), (2).  Plaintiff has not shown that she has served Defendants in compliance with the requirements of Rule 4(i).  Instead, Plaintiff appears to have attempted service on DHS and USCIS by having copies of the summons and complaint personally delivered to Jane Doe at an office in Washington D.C., to Ur Mendoza Jaddou[2] at an office in Camp Springs, MD, and Ted H. Kim at an office in Tustin, CA.  Plaintiff provides no proof that the United States Attorney for the Central District of California was served, that the Attorney General of the United States was served, or that DHS and USCIS were properly served by registered or certified mail.  Nor has Plaintiff filed any proof of service as to the Los Angeles Asylum Office.

Plaintiff is therefore ordered to show cause, in writing, no later than February 2, 2024, why this action should not be dismissed for lack of prosecution.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.

The Court will consider as an appropriate response to this order to show cause (OSC) the filing, on or before February 2, 2024, of proofs of service that comply with Rule 4(i).  The filing of such proofs shall result in the automatic discharge of this OSC without further order.  Failure to timely respond to the OSC will be deemed consent to the dismissal without prejudice of Plaintiff's claims against Defendant.

Date: January 23, 2024

Stanley Blumenfeld, Jr.
United States District Judge

---

[2] It is unclear whether Plaintiff is representing that service was made on the Director of USCIS, or if the copies were addressed to the director but delivered to a third party.